**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO. 1:21-cv-5157** |
| **v.** | ) | |
| | ) | **C O M P L A I N T** |
| **GENERAL TRUCK PARTS AND** | ) | |
| **EQUIPMENT CO.,** | ) | **JURY TRIAL DEMAND** |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of sex, national origin, and/or race, and to provide appropriate relief to Jasmine Delvillar ("Aggrieved Individual") and any others who were adversely affected by such practices. As alleged with greater particularity below, Defendant General Truck Parts and Equipment Co. ("Defendant" or "General Truck Parts") discriminated against the Aggrieved Individual, a Hispanic female, by subjecting her to sexual and national origin harassment.

## <u>JURISDICTION AND VENUE</u>

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been a corporation doing business in the State of Illinois and the City of Chicago, in Cook County.

5.      At all relevant times, Defendant has continuously had at least 15 employees.

6.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, a charge was filed with the Commission alleging violations of Title VII by General Truck Parts.

8.      On February 12, 2021, the Commission issued to General Truck Parts a Letter of Determination finding reasonable cause to believe that General Truck Parts violated Title VII by discriminating against office and warehouse employees, including the Aggrieved Individual, based on sex, female, and/or national origin, Hispanic, and/or race, Black, by subjecting them to harassment and a hostile work environment at Defendant's Chicago, Illinois location.

9.      The Commission invited General Truck Parts to engage in informal conciliation efforts to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10.     The Commission engaged in communications with General Truck Parts to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11.     The EEOC was unable to secure from General Truck Parts a conciliation agreement acceptable to the Commission.

12.     On August 31, 2021, the Commission issued General Tuck Parts a Notice of Failure of Conciliation.

13.     All conditions precedent to the institution of this lawsuit have been fulfilled.

<u>STATEMENT OF CLAIMS</u>

14.     Since at least August 2017, Defendant has engaged in unlawful employment practices at its Chicago, Illinois locations in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a)(1). In particular:

(a)     These practices included, but are not limited to, engaging in unlawful harassment on the basis of sex. For example, the owner of General Truck Parts made frequent and unwelcome sexual comments about women's body parts and made unwelcome comments specifically about the Aggrieved Individual, including saying he "would like to fuck her" and "she has huge tits."

(b)     These practices also included engaging in unlawful harassment on the basis of national origin and/or race. Defendant's owner made repeated and unwelcome comments about Hispanics and Blacks, including describing them as "stupid" and referring to them as "wetbacks" or "niggers."

      (c)     The Aggrieved Individual and other employees heard and/or were otherwise aware of the comments alleged above.

      (d)     Defendant is strictly liable for this harassment by its owner.

15.     The effect of the practices complained of above has been to deprive the Aggrieved Individual to equal employment opportunities and otherwise adversely affect her status as employee because of her sex (female) and/or because of her national origin (Hispanic).

16.     The unlawful employment practices complained of above were intentional.

17.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individual and any others who were adversely affected by such practices.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex.

B.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race and/or national origin.

C.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose practices made unlawful by Title VII.

D.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees regardless of sex, race, and/or

national origin and which eradicate the effects of its past and present unlawful employment practices.

E.      Order Defendant to make whole the Aggrieved Individual and any other female, Black, and/or Hispanic employees who were subjected to the unlawful harassment alleged above by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

G.      Order Defendant to make whole the Aggrieved Individual and any other female, Black, and/or Hispanic employees who were subjected to the unlawful harassment alleged above by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, humiliation, and inconvenience, in amounts to be determined at trial.

H.      Order Defendant to pay the Aggrieved Individual and any other female, Black, and/or Hispanic employees who were subjected to the unlawful harassment alleged above punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

I.      Grant such further relief as the Court deems necessary and proper in the public interest.

J.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.


Dated September 29, 2021.


                                      GWENDOLYN YOUNG REAMS
                                      Acting General Counsel

                                      U.S. Equal Employment Opportunity Commission
                                      131 M. Street, N.E.
                                      Washington, D.C. 20507

                                      GREGORY M. GOCHANOUR
                                      Regional Attorney
                                      Gregory.Gochanour@eeoc.gov

                                      JUSTIN MULAIRE
                                      Supervisory Trial Attorney
                                      Justin.Mulaire@eeoc.gov

                                      JEANNE SZROMBA
                                      Trial Attorney
                                      Jeanne.Szromba@eeoc.gov

                                      *s/ Laurie Elkin*
                                      Laurie Elkin
                                      Trial Attorney
                                      U.S. Equal Employment Opportunity Commission
                                      Chicago District Office
                                      230 S. Dearborn St., Suite 2920
                                      Chicago, Illinois 60604
                                      (312) 872-9708
                                      Laurie.Elkin@eeoc.gov