IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

  v.

GENERAL TRUCK PARTS AND
EQUIPMENT CO.,

    Defendant.

Civil Action No. 1:21-cv-05157

Judge Harry D. Leinenweber

## AMENDED CONSENT DECREE

### THE LITIGATION

1. On September 29, 2021, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed Case No. 21 cv. 5157 alleging that Defendant General Truck Parts and Equipment, Co. ("General Truck" or "Defendant") violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, by engaging in sex, and national origin and/or race discrimination against Charging Party Jasmine Delvillar ("Delvillar") by subjecting her to a hostile work environment based on her sex and national origin. Neither party admits the allegations or defenses of the other party.

2. In the interest of resolving these matters, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree").

## FINDINGS

3. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a. This Court has jurisdiction of the subject matter of this action and of the parties;

    b. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, Defendant, the Charging Party, and the public interest are adequately protected by this Decree; and

    c. This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the Charging Party, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## INJUNCTION

4. Defendant, its officers, agents, employees, successors, assigns and all persons acting in concert with them are enjoined from engaging in any form of harassment based on sex, race, or national origin in violation of Title VII.

5. Defendant, its officers, agents, employees, successors, assigns and all persons acting in concert with them are enjoined from engaging retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, asserted any rights under this Decree, or benefitted from the relief provided by this Decree.

## MONETARY RELIEF

6. Within ten (10) business days of the approval and entry of this Decree by the District Court or within ten (10) business days after General Truck receives the Release, attached

as Exhibit A, signed by Delvillar, whichever is later, General truck shall pay Delvillar the gross sum of $30,000.00 in settlement. General Truck shall cause payment to Delvillar to be paid by check via Certified or Registered Mail to the address provided by EEOC. Contemporaneously, General Truck shall submit a copy of the check to EEOC.

7.     If any portion of the monetary relief due to Delvillar is not issued and mailed to her within ten (10) business days of the approval of this Decree by the District Court or after Defendant receives the signed Release, attached as Exhibit A, signed by the Charging Party, whichever is later ("Unpaid Amount"), then for each day beyond the tenth business day that such portion remains unpaid, Defendants shall pay to the Delvillar, in the manner set forth above, an amount equal to the greater of $50 or 0.1% of the Unpaid Amount.

## COMPLAINT MONITOR

8.     The parties have stipulated, and the Court appoints the law firm of Klein Paull Holleb & Jacobs, Ltd. ("KPH&J"), to serve as the Complaint Monitor ("Monitor") for the duration of the Decree for the purpose of receiving and investigating complaints and reports of harassment from General Truck's Chicago facility. The Monitor may receive complaints or reports of harassment directly from any General Truck employee, as well as from General Truck managers who have received such complaints or reports and are required to submit those complaints or reports to the Monitor.

9.     After receiving complaints or reports of harassment from any source, the Monitor will conduct an investigation of each complaint and make recommendations to General Truck regarding the resolution of each complaint. General Truck shall fully cooperate with the Monitor in connection with his or her investigations and duties under this Decree. The Monitor shall have reasonable and timely access to all employees and to relevant documents and other sources of

information necessary or appropriate to the exercise of the Monitor's duties described herein. The Monitor, as he or she deems necessary and appropriate, shall have access to General Truck's Chicago facility. Defendant agrees that it shall not assert a claim of privilege over the investigation of these complaints or over the Monitor's recommendations made to General Truck regarding the resolution of any such complaints. However, General Truck may assert privilege as to communications with non-investigative attorneys who provide legal advice even though such attorneys may also be employed by KPH&J.

10. If General Truck declines to implement any recommendation of the Monitor made at any time during the term of this Consent Decree, the Monitor shall first attempt to resolve the disagreement with General Truck. If General Truck and the Monitor are unable to reach a resolution of their disagreement to the satisfaction of the Monitor, the Monitor shall report to EEOC any such inconsistency and EEOC may pursue the matter with the Court.

11. The Monitor will prepare semi-annual Reports ("Monitor's Report") which will include (a) the identities of the person making the complaint or report, the person(s) alleged to have engaged in harassment, and any identified witnesses; (b) the date(s) of the alleged harassment; (c) notes of the investigation of the complaint or report; (d) the Monitor's recommendation for resolution of the complaint or report; and (e) how the complaint or report was resolved by Defendant. The Monitor will submit the semi-annual Monitor's Reports to EEOC and General Truck.

12. General Truck shall compensate the Monitor at his or her customary hourly rate, or upon other terms agreed upon by General Truck and the Monitor. General Truck shall also pay the Monitor's reasonable costs and expenses incurred to fulfill the Monitor's duties.

## RECORD KEEPING

13.    For the duration of this Decree, General Truck shall maintain records of each complaint or report received from its Chicago facility (whether written or oral) involving sex, race, or national origin discrimination (including harassment), or retaliation prohibited by the Decree. For each such complaint or report, the above-noted records shall include: (i) the name and contact information of the complaining or reporting person; (ii) the date of the complaint or report; (iii) a written description of what was alleged in the complaint or report; and (iv) if the complaint or report was made in written form, a copy thereof.

14.    General Truck shall make all documents or records referred to in paragraph 13, above, available for inspection and copying within fourteen days after the EEOC so requests at the EEOC's Chicago District Office, or at another mutually agreed upon location. In addition, General Truck shall require personnel within its employ whom the EEOC requests for purposes of verifying compliance with this Decree to cooperate with the EEOC and be interviewed.

## REPORTING

15.    General Truck shall furnish to the EEOC the following written reports semi-annually for the duration of the Decree. The first report shall be due six months after entry of the Consent Decree. Subsequent reports shall be due twelve and eighteen months after entry of the Decree. General Truck will furnish to the EEOC the reports that were due at six months and twelve months within fourteen (14) days following entry of the Amended Consent Decree.  Each such report shall contain (as applicable):

      a.    The records maintained by General Truck, as required by paragraph 13, above, for each complaint or report of sex, race, or national origin discrimination (including harassment), or retaliation received during the six-month period preceding the report. Alternatively, if there were no such complaints or reports during that period, a certification by General Truck of that fact.

5

      b.      A certification by General Truck that the Notice required to be posted in paragraph 23, below remained posted during the entire six-month period preceding the report.

      c.      A certification that all Training has been provided as required in paragraphs 20-22, below, including: i) the date, location and duration of the training; (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance; and (iii) a list of all persons currently employed at General Truck.

16.     General Truck shall provide copies of all documents or records referred to in Paragraph 15 to the EEOC within fourteen calendar days upon request. General Truck shall require its personnel to verify compliance with this Decree, to cooperate with the EEOC, and to be interviewed.

## POLICIES AGAINST DISCRIMINATION

17.     Within sixty days of the entry of the Decree, General Truck will review its antidiscrimination and anti-retaliation policies to ensure that they are consistent with the Defendant's obligations under the Decree.

18.     The policies shall include, at minimum, the following:

      a.      A prohibition against sex, race, and national origin discrimination or harassment, including a definition of each type of harassment and examples of behavior that could be considered harassment;

      b.      A prohibition against retaliation for complaining about or reporting discrimination or harassment;

      c.      A provision that employees can complain of sex, race, and national origin discrimination, harassment, or retaliation to any person in the chain of command above the employee, directly to any human resources personnel, or to the Monitor, whose name, address, and telephone number shall be included in the Policy;

      d.      A provision that employees are not required to complain of discrimination, harassment or retaliation to a person against whom they allege discrimination or harassment or retaliation;

6

      e.      A provision that an employee found to have engaged in discrimination, harassment, or retaliation will be subject to discipline, up to and including termination;

      f.      A provision that Defendant will protect the confidentiality of discrimination, harassment, and retaliation complaints to the extent possible;

      g.      A provision that employees who complain of discrimination, harassment, or retaliation or provide information related to such complaints will not be retaliated against and that employees engaging in retaliation will be subject to discipline, up to and including termination; and

      h.      A provision that, promptly upon the conclusion of its investigation of a complaint, Defendant will communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any.

19. The inclusion of Paragraph 18 in the Decree does not represent EEOC's or the Court's approval of Defendant's policies against sex or race/national origin discrimination, harassment, or retaliation. Nor does it mean that General Truck's policies did not already include any of these provisions.

## **TRAINING**

20. Defendant shall require all employees who work in its Chicago facility to participate in an annual training session during each year of the term of the Decree, regarding Title VII's prohibition on discrimination based on race, sex, and national origin (including, without limitation, harassment and other terms and conditions of employment) and retaliation, with the first session to take place within sixty days of the date of entry of the Decree.

21. The parties agree that KPH&J will provide this training. General Truck shall submit the training proposal to the EEOC at least thirty calendar days prior to the proposed commencement date(s) of the training(s). The EEOC shall have seven days from the date of receipt of the information described above to accept or reject the training proposal. In the event the EEOC does not approve General Truck's designated training proposal, General Truck shall have fourteen

days to provide a new training proposal. The EEOC shall have seven business days from the date of receipt of the information described above to revise the training proposal. If the parties cannot through this process agree on a trainer or training proposal, then they may seek the Court's assistance under Paragraph 25.

22. The training required by Paragraph 20 will include the following elements:

   a. It will describe or portray real-world examples of conduct that is unacceptable in the workplace, including examples involving harassment based on categories protected by Title VII, with at least one specific example related to comments or treatment that would be offensive because of each of: gender, race, and national origin;

   b. It will be interactive, providing participants opportunities both to answer and ask questions about how to recognize and respond to potentially problematic behavior;

   c. It will explain the avenues available for reporting incidents of harassment or other discrimination, and affirm the individuals who make complaints or reports will not be subjected to any form of retaliation or reprisal; that all complaints and reports will receive timely notice of the investigation's findings and conclusions; that Defendant will take prompt and appropriate corrective action to remedy harassment and other discrimination in all its facilities; that Defendant will keep complaints and reports and the identities of employees who make them confidential to extent practicable; and

   d. It will encourage bystander reporting, that is, it will convey that all individuals in the workplace are encouraged (and, for supervisors and managers, required) to take action if they observe any problematic behavior, and it will explain how they can do so.

## POSTING OF NOTICES

23. Within five business days following entry of this Decree, Defendant will post a copy of the Notice attached as Exhibit B to this Decree in a conspicuous location easily accessible to and commonly frequented by employees working at General Truck at its Chicago facility. The Notice will remain posted for the term of the Decree. General Truck shall ensure that the posting is not altered, defaced or covered by any other material.

24. General Truck shall certify to EEOC in writing within ten business days after entry of this Decree that the Notice has been properly posted and shall identify the location(s) of the postings. General Truck shall permit a representative of EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

**DISPUTE RESOLUTION**

25. If either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance in writing (either via letter or e-mail) and shall afford the alleged non-complying party fourteen days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within twenty-one days, the complaining party may apply to the Court for relief, including modification of this Decree or any other relief that the Court determines to be appropriate.

26. In resolving any dispute with regard to General Truck's compliance with any provision of the Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority, including, but not limited to, extension of any or all terms of the Decree and/or imposing a monetary fine for non-compliance.

**DURATION OF THE DECREE**

27. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of eighteen months immediately following entry of the Decree, provided, however, that if, at the end of the eighteen month period, any disputes under Paragraph No. 25, above, remain unresolved, the term of the Decree shall be automatically

9

extended (and no party will dispute that the Court will continue to have jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

28. The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

29. Each party to this Decree shall bear its own expenses, attorney's fees and costs.

30. If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

31. When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant to the best of such officer's or management employee's knowledge, information and belief.

32. When this Decree requires notifications, reports, and communications to the Parties, they shall be made in writing and hand-delivered or mailed. They shall also be contemporaneously e-mailed to:

**For EEOC:**
Equal Employment Opportunity Commission
230 S. Dearborn St., Suite 2970
Chicago, IL 60604
Laurie.Elkin@eeoc.gov
Jeanne.Szromba@eeoc.gov

**For Defendant:**
Joshua D. Holleb
Klein Paull Holleb & Jacobs, Ltd.
660 LaSalle Place, Suite 100 Highland Park, IL 60035
jdh@labor-law.com

Any party may change such persons or addresses by written notice to the other party, setting forth a different individual or address for this purpose.

ENTERED AND APPROVED FOR:

**For Plaintiff**
**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**
131 M Street, NE
Washington, DC 20507

GWENDOLYN YOUNG REAMS Acting General Counsel
Gregory Gochanour
Regional Attorney
Chicago District Office
230 S. Dearborn St., Suite 2970
Chicago, IL 60604
Gregory.Gochanoura@eeoc.gov

Justin Mulaire
Supervisory Trial Attorney
Chicago District Office
230 S. Dearborn St., Suite 2970
Chicago, IL 60604
Justin.Mulaire@eeoc.gov

_____

Laurie Elkin
Jeanne B. Szromba

Trial Attorneys

**For Defendant**
**GENERAL TRUCK PARTS, INC.:**

Joshua D. Holleb
Klein Paull Holleb & Jacobs, Ltd.
660 LaSalle Place, Suite 100
Highland Park, IL  60035
(847) 681-9100
jdh@labor-law.com


ENTER:


_____
The Honorable Harry D. Leinenweber
United States District Judge

Date:

1/11/2024

## **EXHIBIT A**

RELEASE

In consideration of $30,000.00 to be paid to me by General Truck in connection with the resolution of EEOC v. General Truck Parts and Equipment Co., No. 21 cv 5157, I waive my right to recover for any claims of race, sex, or national origin discrimination, harassment or retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991, 42 U.S.C. §1981a, that I had against General Truck prior to the date of this release and that were included in the claims alleged in EEOC' s complaint in EEOC v. General Truck Parts and Equipment Co.

_____
Jasmine Delvillar

_____
Date

## **EXHIBIT B**

## **NOTICE TO ALL EMPLOYEES**

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. General Truck Parts and Equipment Co., No. 21 cv 05157 (N.D. Ill.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against General Truck Parts and Equipment Co. ("General Truck").

In its litigation, EEOC alleged that General Truck violated Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") by subjecting an employee to sexual and national origin harassment. Defendant filed an answer denying the allegations.

To resolve the case, Defendant and EEOC have entered into a Consent Decree which provides, among other things, that:

1) General Truck will pay $30,000.00 to a former employee to resolve the sexual and national origin harassment claim;
2) General Truck is enjoined from discriminating against any employee on account of sex or race/national origin;
3) General Truck will not retaliate against any employee who has made allegations of discrimination or participated in any way in a proceeding involving discrimination under Title VII;
4) General Truck will provide training on sex and race/national origin discrimination, harassment, and retaliation; and
5) General Truck will employ a Complaint Monitor who is available to investigate and respond to complaints of discrimination, harassment and retaliation. The Complaint Monitor can be reached at (847) 681-9132

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex (including pregnancy, sexual orientation, and gender identity), religion, age, disability or genetic information. If you believe you have been discriminated against on one of the foregoing bases, you may contact EEOC at (312) 869-8009. EEOC charges no fees and has a TTD number.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for eighteen months from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: General Truck, EEOC, 230 S. Dearborn Street, Suite 2920, Chicago, IL 60604.**

Date: _____                                   _____
                                                                              Hon. Judge Harry D. Leinenweber
                                                                              United States District Court